NOT DESIGNATED FOR PUBLICATION

Nos. 129,801
129,802

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PRECILIANO MARTINEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TYLER ROUSH, judge. Submitted without oral argument. Opinion filed July 2, 2026. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before ARNOLD-BURGER, P.J., MALONE and PICKERING, JJ.

PER CURIAM: Preciliano Martinez appeals the district court's failure to impose "a more significant downward modification of his prison sentences" after revoking his probation. We granted Martinez' motion for summary disposition of his appeal under Supreme Court Rule 7.041A (2026 Kan. S. Ct. R. at 48). The State did not object to summary disposition. Following review, we affirm the district court's ruling.

In 2020-CR-1837 (Case 1), Martinez agreed to plead guilty to attempted aggravated robbery and aggravated battery. In exchange, the State agreed to dismiss the remaining charges against him. In addition, the parties agreed to recommend the aggravated number in the appropriate grid box and to request border box findings. The

1

district court sentenced Martinez to a total of 47 months' imprisonment, suspended the sentence, and imposed 36 months' probation. The district court subsequently found Martinez violated his probation and ordered a two-day quick dip.

In 2023-CR-2167 (Case 2), Martinez agreed to plead guilty to an aggravated offender registration violation, a severity level 3 person felony. In exchange, both parties agreed to recommend the aggravated number in the appropriate grid box and that the sentence run consecutive to Case 1. They also agreed to recommend that the court suspend the sentence and impose a dispositional departure to 36 months' probation. The district court sentenced Martinez to 100 months' imprisonment, granted the motion for a downward dispositional departure, suspended the sentence, and imposed 36 months' probation.

In Case 1, Martinez admitted to violating his probation. The district court extended Martinez' probation and imposed a 30-day jail sanction.

On October 17, 2025, Martinez admitted to probation violation allegations. The State asked the district court to revoke Martinez' probation and impose a modified sentence of 47 months' imprisonment. Martinez asked for a six-day jail sanction with credit for time served. In the alternative, he asked for a 47-month or lower sentence and that the district court run the sentences in both cases concurrent with each other.

The district court revoked Martinez' probation in both cases. In Case 1, the district court imposed Martinez' underlying 47-month prison sentence. In Case 2, it modified Martinez' sentence and imposed a 47-month prison sentence. The district court ran both sentences concurrent with each other.

Martinez appeals.

On appeal, Martinez does not challenge the revocation of his probation or the imposition of a prison sanction. He only argues the district court abused its discretion when it "unreasonably" declined to grant him "a more significant downward modification of his prison sentences, below the 47 months." Accordingly, Martinez has abandoned any argument that the district court erred in revoking his probation. See *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021) (issue not briefed deemed waived or abandoned).

"An appellate court reviews the district court's decision to deny an offender's request for a lesser sentence upon the revocation of probation for an abuse of discretion." *State v. Ralston*, 63 Kan. App. 2d 447, 455, 529 P.3d 1275 (2023). A district court abuses its discretion if its decision is based on an error of fact or law or is arbitrary, fanciful, or unreasonable. *State v. Younger*, 320 Kan. 98, 137-38, 564 P.3d 744 (2025).

If a district court has previously imposed a sanction pursuant to K.S.A. 22-3716(c)(1)(B) and a probation violation is established, the district court may impose the original sentence or any lesser sentence. K.S.A. 22-3716(c)(1)(C). Further, the district court's discretion on the terms of the lesser sentence is not constrained by the Kansas Sentencing Guidelines Act, K.S.A. 21-6801 et seq., and "does not even need to be a legal sentence that conforms to the applicable statutory provisions regarding the term of authorized punishment." See *State v. Weekes*, 308 Kan. 1245, 1247-48, 427 P.3d 861 (2018). Under K.S.A. 22-3716(c)(1)(C), the district court is not required to identify any reason for the imposition of a modified sentence. See *State v. Reeves*, 54 Kan. App. 2d 644, 646, 403 P.3d 655 (2017) (discussing the prior version of this subsection, K.S.A. 2016 Supp. 22-3716[c][1][E]).

Martinez does not argue the district court based its decision on an error of fact or an error of law. Instead, he contends the district court's failure to modify his sentence to less than 47 months' imprisonment was unreasonable because he "has a terrible drug

3

addiction that could be better treated outside of prison after serving shorter prison sentences."

Following the revocation of his probation, Martinez faced the possibility of 147 months' incarceration because, at sentencing, the district court ran his 100-month sentence in Case 2 consecutive to his 47-month sentence in Case 1. By modifying Martinez' sentence in Case 2 to 47 months' imprisonment—and running it concurrent with his 47-month sentence in Case 1—the district court reduced Martinez' sentence by more than two-thirds. A reasonable person could agree with the district court's decision to only modify Martinez' sentence to a controlling 47-month sentence after revoking his probation in two cases. The district court did not abuse its discretion.

Affirmed.